# In the United States District Court
## for the Southern District of Georgia
### Brunswick Division

| | |
|---|---|
| SANDRA WILLIAMS and<br>SHERMAN WILLIAMS,<br><br>    Plaintiffs,<br><br>v.<br><br>WINN-DIXIE STORES, INC.,<br><br>    Defendant. | CV 215-055 |

### ORDER

Presently before the Court is Defendant's Objection to an Order of the Magistrate Judge dated December 16, 2015. Dkt. No. 55. In that Order, the Magistrate Judge denied Defendant's Motion for Physical Examination of Plaintiff (dkt. no. 42) and Motion for Extension of Time to Complete Discovery (dkt. no. 48), on the grounds that the Motions were untimely. Dkt. No. 51. Defendant now asks that the Court modify or set aside the Magistrate Judge's Order because it was inconsistent with the Magistrate Judge's earlier decision to extend the applicable filing and discovery deadlines. Dkt. No. 55, pp. 2-3 (quoting Dkt. No. 39 ("[D]uring the hearing, this Court provided the parties an additional sixty (60) days in which to conduct discovery. The Court also determined that all remaining deadlines in its June 8, 2015[,] Scheduling Order would be similarly extended.")).

Under Federal Rule of Civil Procedure 72(a) ("Rule 72(a)"), "[a] party may serve and file objections" to a Magistrate Judge's order on a nondispositive pretrial matter "within 14 days after being served with a copy." See also Local R. 72.2. Rule 72(a) further provides that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also Local R. 72.2.

After careful review, the Court finds that the Magistrate Judge erred in denying Defendant's Motions as untimely. As Defendant's Objection demonstrates, the Court's representations regarding the extension of all deadlines reasonably led Defendant to believe that it could file the instant Motions when it did. See generally Dkt. No. 55. Under such circumstances, the Magistrate Judge should not have denied the Motions as belated.

Thus, Defendant's Objection (dkt. no. 55) is **SUSTAINED**, and the Magistrate Judge's Order (dkt. no. 51) is hereby **SET ASIDE** in its entirety. Defendant's Motion for Physical Examination of Plaintiff (dkt. no. 42) and Motion for Extension of Time to Complete Discovery (dkt. no. 48) are **GRANTED** as follows: Defendant shall have **fourteen (14) days** from the date of this Order in which to conduct an independent medical examination of Plaintiff, and a subsequent period of **fourteen (14) days** from the date of such examination in which to file a report thereof. Additionally, the parties shall have a period of **forty-five (45) days** following the date of the examination in which to conduct any follow-up discovery for this limited purpose.

**SO ORDERED**, this 26^(TH) day of January, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)